IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARYL A. HIGHT | ) | |
| | ) | |
| v. | ) | NO: 3:13-0367 |
| | ) | |
| DUSTIN COX | ) | |

**O R D E R**

By Order entered January 7, 2014 (Docket Entry No. 47), this case was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

The plaintiff filed this lawsuit on April 19, 2013, asserting federal civil rights claims under 42 U.S.C. § 1983, as well as state law claims, against Dustin Cox, Allyson Abbott, and David Bragg. By Order entered November 20, 2013 (Docket Entry No. 35), the Court addressed motions filed by the defendants and dismissed with prejudice all claims in the action except for the plaintiff's malicious prosecution claims against Defendant Cox, which were dismissed without prejudice. The Court then granted the plaintiff leave to file an amended complaint asserting amended malicious prosecution claims against Officer Cox. The plaintiff was subsequently granted an extension of time to December 20, 2013, to file his amended complaint. See Order entered December 3, 2013 (Docket Entry No. 37). To date, an amended complaint has not been filed.

However, on December 17 and 20, 2013, counsel for the plaintiff filed motions to withdraw as the plaintiff's attorney. See Docket Entry Nos. 40 and 42. The plaintiff responded to these motions by filing a "pro se notice to proceed," in which he stated that he had "released" his counsel

and was going to proceed pro se. See Docket Entry No. 44. By Order entered January 7, 2014 (Docket Entry No. 46), the Court allowed counsel for the plaintiff to withdraw.

The deadline for filing an amended complaint has expired. However, given that counsel for the plaintiff was permitted to withdraw from the action during the time period when the amended complaint was due and given that the now pro se plaintiff may not have received any of the Court's orders prior to his counsel withdrawing, the plaintiff is given a deadline of February 7, 2014, to file an amended complaint. As provided in the Order entered November 20, 2013 (Docket Entry No. 35), the only claims that may be included in the amended complaint are amended malicious prosecution claims against Defendant Cox. The plaintiff is warned that failure to timely file such an amended complaint will result in a recommendation for the dismissal of this action.

Because the plaintiff has indicated his desire to proceed pro se, he is advised that, in accordance with Rule 5 of the Federal Rules of Civil Procedure, he must send to counsel for Defendant Cox a copy of anything he files with the Court and include in his filing a certificate of service stating that such a copy has been mailed, when it was mailed, and to what address it was mailed. At this time, Defendant Cox is represented by Edward Evan Cope and Nicholas C. Christiansen whose address is Cope, Hudson, Reed & McCreary, 16 Public Square North, Murfreesboro, TN 37130. The plaintiff is further advised that he must keep both the Court and the opposing party in this action informed of any change of address.

The Clerk is directed to send to the plaintiff a copy of the docket in this action and copies of Docket Entry Nos. 34, 35, 37, and 41.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must

be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

    SO ORDERED.

                                              JULIET GRIFFIN
                                              United States Magistrate Judge